The next case, number 221837, Gibson Foundation, Inc. v. Rob Norris, et al. At this time, would counsel for Gibson Foundation please introduce himself on the record to begin? Good morning. I'm Kurt Schrodinger for Gibson Foundation. Pulling up your mic a little bit so I can hear you better. Is that good? Yep. I would ask to reserve three minutes today. You may. Thank you. This case is about who has the legal right to a piano once owned by the famous pianist Liberace. We ask that the district court be reversed for two separate grounds. First, the district court apply the wrong Massachusetts statute of limitations to my client's breach of bailment claim. Second, the district court incorrectly found that there are no issues of material fact on my client's breach of contract claim. For the first issue, under Massachusetts law, there is no statute of limitations for breach of bailment. The courts look to either the tort statute, which is three years, or the breach of contract statute, which is six. Here, in the district court summary judgment order, it made the following major and minor premise that bailment claims can be brought as replevan or conversion claims. Conversion and replevan claims are subject to the three-year statute of limitations. Therefore, the foundation's claim is time barred. In doing so, the district court cited to three Massachusetts opinions, which we believe do not stand for the proposition that breach of bailment claims must be brought under three-year statute of tort claims. And the first one is our strongest one that she cites, too. And that is Amtec versus Norton. It's a 2007. Can I ask you about Amtec? Is it Amtec or Amtec? However you want to call it, I'll call it Amtec. Amtec. Let's call it Amtec. In that case, my puzzlement is twofold. Or maybe it's onefold. As I read that case, it seems clear that a bailment for mutual benefit is treated as an action for contract for purposes of the statute of limitations. Correct? A claim of breach of bailment where the bailment is for mutual benefit is treated as an action for contract and so subject to that statute of limitations. Is that how you read it? That's how I read it in the context there the lower court did find that there was a breach of bailment. The way I look at it is, is it conversion or is it a breach of bailment claim generally? That has to do with the duty between the parties. And so typically in the cases that the court looked at in the lower court and the master cases we studied. Let's just stick with Amtec. Yes. I read Amtec. It seems to say not that necessarily it has to be a bailment for mutual benefit in order to get the six-year statute of limitations under master's law. But if it is a bailment for mutual benefit, it does get it. Do you read it that way? I read it that way unless, you know, as the plaintiff you could choose to rebut. You could choose to rebut. Yes. But you can then bring it as an action in contract and get the six years. Right. Okay. But here's the one thing I'm not entirely clear on. In this case there is a question whether there was enough definite terms in order for there to have been a contract. In Amtec they don't address the question of whether there were definite terms for the contract, correct? Well, and this is where I differ on that, Your Honor. I think they do. And they do in the other two cases the court cited, which is Atlantic Finance and Town of Warren. And there when the court analyzes is there a contract claim here for bailment, they're looking at is there a duty between the parties that was established? Was there some type of trust between the parties regarding this property? And then what was set? And so if you look at Amtec, you know, they dealt with gas pumps. And there there was no, hey, I'm going to leave these here, we're going to have a bailment, I'm going to come back in a certain amount of time. It's just can you keep these for me? I think we're talking past one another. I don't disagree with you on that. Yeah. What I'm asking, it's clear they treated that situation as a bailment for mutual benefit. And they treated that situation as therefore permitting you to call it a contract action subject to the six-year limitations period. But they don't address whether if you had brought it as a contract claim, like a warehousing contract claim, the terms would have been definite enough to permit that claim to go forward, right? Right. I would believe that's accurate for Amtec. Yes. So we don't know from reading Amtec whether it thought those terms were definite enough or not. Here we have the determination by the district court that the terms were not definite enough to be a contract. And so my question is, can you have a bailment for mutual benefit with terms too indefinite to be a warehousing contract, but nonetheless under Amtec qualifies as a bailment for mutual benefit that is an action on contract for purposes of the state statute of limitations? Does that make sense to you as a question? Yes. How do we answer that question? In my mind, if you say plaintiff has a bailment claim for contract, you are looking at a lower standard than if it's plaintiff, the defendant owes me money, is there a contract? And so when you look at those cases, they're talking about consideration, meeting of the minds, all the essential terms. But mutual benefit is consideration, isn't it? Well, let me give you an example that might illuminate this. I'm a roommate in college. He says, can I borrow your car? I say, sure. I throw him the keys. He then takes my car. That's a gratuitous bailment. That's not a bailment for mutual benefit, is it? Well, maybe he says, I'm going to pick up dinner. I mean, I don't think either way, leaving that aside. I thought that is from Amtec. I thought the distinction between a gratuitous bailment and a bailment for mutual benefit isn't necessarily determinative. But at least from the facts of Amtec, all I understand them to be holding is that when it is a bailment for mutual benefit, you can treat it as an action on contract that gets to six years. They don't say anything about a gratuitous bailment. Right. And a gratuitous bailment still, I think, gets you there. But you were asking about Amtec. Amtec. Is there a case saying that a gratuitous bailment gets you there? Right. We cite the gratuitous bailment cases in our brief as well that you don't need. But here we think, leaving that aside, we do think there was mutual benefit. That was, he wanted a piano. Right. And I guess what I'm asking is, the wrinkle here, potentially, not addressed in Amtec, is that we have the district court holding that the terms were not definite enough to be a warehousing contract. And if the terms are not definite enough to be that, can it be an action on contract? In other words, can you have a mutual bailment with terms too indefinite to be a contract? Yes. And that, I would direct the court to the three cases she cites from Massachusetts, where, to your point, the courts don't say, is there a consideration, a meeting of the minds, are the relevant terms established? What they analyze under Massachusetts law for breach of bailment claim is, is there a duty with this property? But in those cases, were they applying the six-year statute of limitations? Yes. So in Amtec's... Not in the other cases, the non-Amtec cases. So Atlantic Finance Corporation v. Galvin was the second case she cited. That's from 1942.  Right. So that's what I'm saying. The wrinkle or the lacuna that I can't quite figure out is, under Massachusetts law, can you have a bailment for mutual benefit with terms too indefinite to make it an enforceable contract? And I proffer yes, because if you look at the third case, Town of Oren v. Embal, that's from 1960. There, they say, under the law applicable here, this would be six years, and they're And that, again, is a bailment... And do they address whether the terms were definite enough to be a contract? Well, if you look at the facts of that case, and the facts they cite, they're almost identical to ours. And so here, it was two fire tubs that the town no longer needed, and a man said, I'll take them. And he said he'd be very pleased to have them and would take good care of them, and that they were in very poor condition. If you look at the facts here, the defendant asked for a war-torn piano for promotional use. We say, here's one at this New York ballroom. Come pick it up. We then email him and say, thanks for housing it. He responds, thanks for the opportunity. Can I make repairs to it? And can I use it for promotional events? My client responds, yes, on the repairs. We'll get back with you about these events. And so if you look at Town of Warren versus Ball, there, once the individual took possession of the two fire tubs, he made repairs. There is nothing in the record about anyone from the town communicating to him, this is a bailment agreement, we're going to come pick it up. And, in fact, what happens there, the man who took possession of them dies, and his widow wants to have the tubes donated to his estate. This is when the town first gets wind of he thinks he owns them, and they say, we want them back. And the court said, yes, this is a bailment. Based upon the words that I cited to you, he's very pleased to have them, would take care of them. They were in poor condition, and that these were sufficient, quote, terms under a bailment. Because, again, we cite in our brief the overarching goal of bailment. And they applied the six-year terms of statute? Yes, Your Honor. To reach a bailment claim? Yes. They specifically, under the law applicable here, this would be six years. Counsel, I'm sorry, I didn't mean to interrupt, but isn't the measure of damages pretty much the same, whether this is viewed as a breach of a bailment contract or a other form of implied contract, in fact? Well, Your Honor, generally speaking, I think you could disagree and say if it's a formal contract, you can get expectation damages and things like that. For these facts, all my client wants is the piano back to auction it off for his charity. So we're not seeking any special damages in the case. But I do think, and I want to stress, I think if you cut our legs off on the breach of bailment claim, that hurts my clients because under the cases in Massachusetts, what we have to show at trial is these statements I quoted from the case law that we have in the record are proper. If you just say a contract claim is a contract claim, what's the difference? I think that harms my client. I see my time's up, so unless there's some questions, I'll reserve. I have one question. What is the relationship between you plead both a contract claim and a bailment claim, breach of bailment claim? Are those in the alternative, or are they not in the alternative? They are in the alternative. So if we fine for you on the breach of bailment claim, the contract claim, you can't also recover on that? Well, that goes back to Judge's Lynch question. Are there different remedies available? And so we would want both. Obviously, you won't submit a claim. I thought you said you weren't making any different remedy requests. Oh, that's right. We're not seeking those. So you don't want both? No, as a plaintiff, you always want as many claims before the jury. But you just told me that you aren't bringing any different remedy requests. Right, that we've decided on so far. We haven't gone to trial, and we haven't elected all our remedies. But what we essentially have sought in this case is just possession of the piano back. Honestly, I don't think I fully understand what your answer is to me. Are you bringing them in the alternative so that if we fine for you on the bailment claim, the contract claim goes away? Or are you bringing them not in the alternative? They're two independent claims. Even if we fine for you on the bailment claim, you still can also bring the contract claim and win on that, so therefore we have to resolve both. Yes, we'd like both resolved, Your Honor. Any further questions? And let me just ask the next question. You've argued in your brief that you have evidence sufficient to get to the jury on the bailment claim. Do you make exactly the same argument as to the contract claim? No, Your Honor, as far as what are the sufficient facts to establish either claim. So under the case law for bailment, I think we would still. No, no, no. Let's assume you have sufficient facts to get to the jury on a bailment claim. Are there any other facts that are essential to your contract claim? Or are you relying on exactly the same set of facts to say there is a jury question? For the contract claim, we would be looking at some additional facts regarding the conduct of the parties after he takes possession. So the bailment, in my mind, is established once you take possession. The contract claim is what did he do after, and that's when he says. Is that relevant to the breach of the bailment? Yes, I think so as well, but we'd be looking more. With respect to succeeding on the bailment claim, is there any fact different than what you're pleading for succeeding on the contract claim? Well, like I said, the facts afterwards, I think the bailment's already established as a matter of law. But the fact that there's a bailment established doesn't mean you can recover. You've got to have something that happened after the bailment was established that hurts you. Under the bailment law, we have to just demand possession, and you get it back. Under the breach of contract, we would be looking at if we sought different remedies, what's the difference in the property? And we'd be looking at his statements that he made after he took possession. I'm not following. Difference in the property meaning? So we give him a piano, and now the condition of the piano is not in the same state. I thought that there would be a duty of care claim on the bailment claim as well. Yes, that would be as well. But are you bringing two different types of bailment claims, one for breach of duty of care and one for not returning, or are you bringing only a not returning for respect to the bailment claim? Well, that's a good question that the lower court never got to, never even analyzed. I'm asking what you're doing. You pled. Yes. And now we're trying to figure out how to analyze your claim. Yes. District Court, I understand, just resolved on statute of limitations. You've made arguments to us, though, about how to address the summary judgment arguments on the merits independent of the statute of limitations. Yes. So what are you asking us to do with respect to what's before us in your view as to the bailment? So the bailment, breach of bailment, we ask that you reverse the lower court on the statute of limitation grounds and instruct the court that the claim is live. We are set to go to trial, so we would just ask that it proceed. On the breach of contract, you're not asking us also to fine for you on your summary judgment motion with respect to? Well, in our brief, we tried to be consistent. And so we do ask that if you do reverse on the breach of bailment claim. That is something we do ask for. Are you still asking us to do that? Yes. Okay. If you ask us to do that, what is that claim? Does it depend on just the demand for it to be returned, or you also bring the breach of duty of care as part of that bailment? Just the demand. We ask for them to return it. They did not return it. Give it back to us so we can sell it for the charity. On the breach of contract claim, what we ask is reverse the lower court and instruct them that there are issues of fact as to that and allow us to proceed to trial on that issue. And that's what our remedy is in the brief. So the only post-bailment action that's relevant to the bailment claim is the demand, whereas there's other post-transfer facts that are relevant to the contract claim. That's the point. That the court could resolve at trial? Yes. Or if my client could decide, if the court says you have a breach of bailment claim that wins, just give us back the piano, we're done. And then the contract claim goes away? If my client decided that, yes. Oh, if he decided that. Yeah. I'm over my time. Is there anything further? No. Okay. Thank you. Thank you, counsel. At this time, if counsel for the appellees  Good morning, Your Honors. I'm attorney Daniel Gibson for Rob Norris and the Piano Mill. I'm sure you're all familiar with the chronology of this case, as pled in our briefs. It began back in 2001 when Gibson acquired Baldwin Assets through a bankruptcy. The identification of the piano is very, very indefinite. I direct you to Appendix 395. The piano was not listed as an asset. I also direct you to Appendix 364, the asset purchase agreement. Very, very indefinite. The piano was not listed, and we don't know what assets were transferred from Baldwin to Gibson. I deposed Cesar Guckian. I hate to interrupt you, but I want to make sure that we're all talking about the same thing. If I hear you now, you seem to be making arguments that you could win on summary judgment on the ground that they had no ownership interest in the property after you acquired it. Correct, Your Honor. And if that's what you want to start with, that's fine. That's not the statute of limitations issue. Correct, Your Honor. So you want to start with that issue? Let me ask for a clarification. Your argument is they never had any ownership of this piano even before the transfer to your client, or that after the transfer, they had no ownership? Yes, Your Honor, despite repeated requests. No, no, no. I ask you an either or you can't answer yes. Yes, we claim they did not have ownership. When? From the very beginning. Before the transfer. Before the transfer. Okay, so if you look at the facts, what is it about the facts that precludes a jury from reaching a reasonable verdict that they had possession of it, they obviously thought they owned it, because otherwise they wouldn't be looking to lend it out to other people? What is it about the facts that you say establish as a matter of law that no jury could reasonably conclude that Gibson did not own the piano? We contend that there was an admission. Excuse me, what admission? Admission in 2018 in the Federal Bankruptcy Court in Delaware. The piano was not listed as an asset when Gibson filed for bankruptcy protection. We contend that that is an admission. The demand was made for the piano's return back in 2015. At that point, it was touted that the asset was worth $500,000. That was not recorded. I'm sorry. I thought the acquisition, I thought that the plaintiff is saying out of that bankruptcy, they ended up with possession and ownership of that piano. You're asking us to go back into time and say because the prior entity did not list it, it could not, as a matter of law, have come into their possession? Yes, Your Honor. There were two bankruptcies, one in 2001, a second in 2018, separate and distinct filings. In 2001, through the asset purchase agreement, when they acquired assets of Baldwin, it is very, very unclear as to what assets they acquired. Then in 2018, when Gibson filed bankruptcy in Delaware, they did not list that asset. And that is something noted in my brief at the discussion with Judge Talwani at the district court. And we contend, as a matter of foundational law, to have a bailment, you need to start with ownership. And what's your best authority for that statement in the bankruptcy proceeding, precluding them from arguing on these facts and a jury finding reasonably on these facts, that there was ownership? I would base it on the filing, the records that we've looked at from Delaware. It is not listed at all. In the Massachusetts law case, it would support your position that as a matter of law, in light of that admission, a jury could not reasonably find on the record as a whole that there was the ownership you contend there was not. I don't have a specific case on that point, Your Honor. And that wasn't passed on by the district court either, correct, this issue? Exactly, Your Honor. Okay, so let's set that aside for a second and understand the argument. If you want to continue to argue about why there was no ownership and, therefore, no bailment and summary judgment should be granted on that basis alone, you can. But there's also the statute of limitations issue, which was the ground the district court relied on. Do you want to address that? Because that's predicated on there having been ownership, or at least assuming that there was ownership, but nonetheless concluding that the nature of the bailment claim is such that the statute of limitations is three years. The bailment theory, if you look at the Amitek case, I hope I'm pronouncing that correctly, talks about the theory of bailment is kind of a cross between tort law, contract law. And in this case, where there is no underlying contract, it is more appropriate to view this action as conversion, which was pled in the initial complaint. Okay, so I understand that point. And then let's just walk through Amitek together and see how your position holds up with that. And then maybe the other precedent, the Town & Warren case that they talk about. In Amitek, they say that when it's a bailment for mutual benefit, because it was a bailment for mutual benefit, in that case they applied the six-year standard, right? Treated as an action in contract. Correct, Your Honor. Okay. Is there some fact here that's different from the facts in Amitek that would preclude us from treating this as a bailment for mutual benefit? I can say, Your Honor, that the benefit was conferred upon Gibson. They had this piano, an old piano, in the Hammerstein Ballroom, which was under renovation. They communicated to my client they needed it removed quickly. But your client suggested it would be beneficial to it to get the piano. Absolutely. So there was mutual benefit. On these facts, the juror could find there was mutual benefit that led to the bailment. Correct? I would say that it didn't rise to the level of consideration. Well, is there anything here that's different than the facts in Amitek with respect to that point? I say that there was no written contract as there was in Amitek. There was no written contract post the expiration of the contract. So with respect to what they treated as the bailment for mutual benefit, it was not pursuant to a written contract any more than this was. I would say, Your Honor, that there's no mutual meeting of the minds. There's no definition of duties, responsibilities. But Amitek doesn't use those words in describing that bailment as a bailment for mutual benefit. We have to apply mass law. So I guess what I'm trying to understand is there's some reason why if we have a mass appeals court case saying, here's some facts. These constitute a bailment for mutual benefit. We'll treat it as an action on contract six years. What about these facts differs from those such that we wouldn't be required to say the same thing? In this case, Your Honor, my client went from Rockland, Massachusetts, to New York. He removed a piano that was in the way of renovations. And, you know, there was no, I don't think, mutual benefit. I mean, he removed that piano. He was told to come and get it. It's yours. There was nothing. Excuse me. Why can't a jury conclude that he did get some benefit out of it? Because if he wasn't going to get a benefit out of it, and he basically said he would get some benefit out of using it in several different ways, that he got some mutual benefit. In the real world, your theory doesn't seem to make much sense. Why would he want it if he got no possible benefit out of it? Well, he did get benefit from it, Your Honor. But there was no, I believe, mutual benefit. There was no consideration. There's no... No, no, no, no, no, no. You have admitted that Gibson got a benefit. I think you've now admitted he got a benefit. I think you're making a different argument that unless you have a viable contract claim, you have no bailment claim. Have I understood you correctly? I believe so, Your Honor. Can I remind, I think you're saying at least you have no bailment for mutual benefit that gets the benefit of the six-year statute of limitations. Yes, Your Honor. This is more akin to conversion, and it should have a three-year statute of limitations as the district court found. Well, is there something about the facts of Amitek that suggests more of a meeting of the minds than is present here? I believe it does, Your Honor. Well, what? You read Amitek, there's no formal contract. There was barely any written terms, no price, nothing like that. None of the things that the district court says, and yet they say that's a bailment for mutual benefit. We'll treat it as six years because it's a contract action. Why is this any different? A juror could find they both agreed, you'll take it off my hands. It's a hassle for me to have it. You'll get some benefit, use it for some things until I ask for it back. He says I'm the indefinite custodian. That was the agreement.  What's the difference? Well, I think it's not like Amitek, Your Honor, because he was told if you come and get it, it is all yours. And the disputed e-mail, the disputed e-mail from Gibson is dated June 11th. This is the one that we argued was hearsay. It was non-admissible between Dorn and Felber saying do you think they will have this or take it as a loaner? That was June 11th, 2011. After that e-mail was sent, Gibson and Baldwin did nothing until my client picked the piano up in July of 2011. A month later, they had the ability, they had the wherewithal, they had pre-printed forms to do a loaner agreement, to do a contract. They did nothing. And it wasn't until the roof collapse in 2015 when my client was on the national news reporting that he had possession of the Liberace piano that the demand started. That was three and a half years. He had sole possession of it then. He's got sole possession as we stand here today. There were no terms. It wasn't a bailment agreement. There was nothing said to him that he had a duty to return the piano until after the fact. Let me just go on to a couple of other points. In the pleadings, you'll see. I think just to go back one step. If we take it in pieces, if I'm now following, one argument you have is there was no bailment because there was no basis for concluding that the supposed transfer ever had an ownership interest in the piano to begin with. I understand that argument. Then your second alternative argument is even if we assume that they owned the piano, gave it to your client, that at most there would have been I guess what we would call a gratuitous bailment and a bailment of a type that can only be subject to the three-year statute of limitations because it's not the contract-like bailment that's described in the amortized. That's the idea. Yes, Your Honor. I see that I'm getting short on time. Excuse me. All right. Let's follow up on that. Again, you would have to distinguish Amitak. Again, you've now been asked this three times. Since Amitak does not seem to depend on there having been a contract underneath, I'm going to ask you finally, how do you distinguish Amitak? The facts of this case are more akin to a conversion than a contract requiring a meeting of the minds or a warehousing agreement requiring definite duties and responsibilities. Okay. Doesn't that depend on your argument that no jury could possibly find anything other than the description you've just given me? I can't say that a jury could not find. But I will tell you one thing in closing, a common sense look at this case. If Gibson wanted to house and preserve the Liberace Piano, if that was their intent, there are major cities all across this nation, and yet they chose my client in a sole proprietorship down in Rockland, Massachusetts. It doesn't make common sense. I thank you for your attention, Your Honors, and I ask that you uphold Judge Talwani's decision at the lower court. Thank you. Have a good day. Thank you, Counsel. You can continue. Go ahead. At this time, please introduce yourself back on the record to begin your three-minute rebuttal. Kurt Schoenger for the appellant. To answer the Court's question of how you distinguish Amitak and the three other cases the Court cited below, I think Atlantic Finance Corporation v. Galvin is a good example of when Massachusetts says, this is a conversion claim. This is not a bailment contract claim. And there, the plaintiff gave five cars to a dealership, and the dealership got in financial trouble, and the sheriff came and took possession of the five cars. And the plaintiff said, no, those are my cars. Give them back. And the Court said, that's a conversion claim because, obviously, the sheriff had no idea that these cars didn't belong to the dealership. They belonged to you. So he had no duty with you, nor did he have any idea that there was this idea of trust, right? But the Court said, you have to give them back, obviously. And so there, the Court's looking at, does the person who now has possession, was there a duty created with them, or did they take the property with no knowledge of someone else's interest in it? And so I think that's a very easy way to look and say, well, that case isn't like this case. Our case is like Amtec's, and our case is like Town of Warren v. Falk. Can I ask you, if I'm understanding your opponent's argument, there's one version of it, which is you never had the piano, so obviously there's no bail. Okay, that jury, let's say, could find, well, you did have the piano, and so you still hadn't owned it, so possibly there's a bail. Second argument, if I'm understanding it, is, well, there's no bailment because you just gave it free and clear. And obviously, if you did do that, and the jury found that you just gave it free and clear, then there would be no bailment claim, correct? I think that's his argument. I disagree. I know you disagree, but I'm saying that, okay. The third version of the argument seems to be you gave it to them as a bailment, but we should still treat it as a gratuitous bailment. And I guess that one sounds to me a little bit puzzling because it's just not clear why on earth your opponent would have taken the piano gratuitously just to hold it for you. Right, I agree. At some point, that seems a little puzzling. I agree. If you look at the record, their position is, I want this piano for promotional purposes. Then he says, I know a Tom Seeger, we can do concerts with him, let's promote it. And so from the bailment contract perspective, it doesn't matter if you don't use the consideration I give you. It's just did I give it to you, right? I mean, I give you $100 for your car and you never cast the check. It's still a contract. You just didn't use it, right? So whether he exercised it is not our problem. Before you sit down, can you just address the contract claim now? Let's assume the bailment is resolved however it's going to be resolved. On the contract claim, what's your argument for the terms being definite enough to constitute a contract? And so that goes back to your question earlier about what facts would you have to look at differently. And there, I think there's the emails between Gibson where they say let's loan it to him long term. And do you need those emails to be in for you to be able to win on the contract claim? I'd like them at trial, but I don't think so. I mean, I don't think you need them. So let's put those aside for a second. How, without those emails, can you show that the terms were definite enough? So then you look at the Massachusetts case law that talks about implied in fact or implied in law. And there it looks to see, in case law there it talks about the bank accidentally deposited $500 more than you're allowed. Well, you have a duty to give it back to them, right? There's no contract. And so here, if you look at the conduct between the parties, he asks if he can make changes to it. We say, yes, you can make repairs. He then has this storm that causes, he thinks at the time, $800 to $1 million worth of damages in his. I guess what is, maybe another way to ask it, then you can conclude. For the contract claim, what is the contract in your view? With what terms? Okay. So it's a loan agreement for an indefinite period of time. I think contract law then says. It was forged at what moment? The moment he says, can I have a piano? That to me is an offer that's war torn. We say, yes, you can. You have to go pick it up at this New York ballroom. He then accepts that offer by going to pick it up. He then confirms the arrangement by saying, thanks, or we say, thanks for warehousing it. He doesn't reject that, that we're saying you're housing this. He says, can I make changes, repairs to it, and can I promote it? And we say, yes. And so is that a reformation of the original contract, or is that the contract? That's the terms. So the only term to me missing is how long does he get to keep it? And I think you look to contract law. Just to be persnickety, the agreement on the changing. Oh, that's confirmation. That's confirmation of what was implicit in the original contract in your bill. You can have one for a loan, and everyone knows if you get something loaned to you. You might do some stuff with it. You give it back just the way you got it, right? And so if you're going to change it, you need to ask for permission. And so to me, that's the contract. Then you say, contract law, we can supplement the terms if they're missing, and you give reasonableness to it. So we can demand it back, but we have to be reasonable, right? So to me, it would be unreasonable if he went up there and got it on Monday, and Tuesday you now say give it back. If there are no further questions. Thank you. So we ask that you reverse the lower court and remand back. Thank you. Thank you, counsel. That concludes argument in this case.